IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

|                              |   |                          |
|------------------------------|---|--------------------------|
| INGRID RICHARDS, *pro se*,   | * |                          |
|                              | * |                          |
|     Plaintiff,               | * |                          |
|                              | * |                          |
|     v.                       | * | CIVIL NO.: WDQ-09-2188   |
|                              | * |                          |
| ELAINE WALLACE,              | * |                          |
|                              | * |                          |
|     Defendant.               | * |                          |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Ingrid Richards, *pro se*, obtained a Temporary Peace Order
from the District Court of Maryland for Baltimore County against
Elaine Wallace, her former supervisor at the Social Security
Administration ("SSA").  Wallace removed to this Court under 28
U.S.C. § 1442(a)(1), and now seeks dismissal for lack of subject
matter jurisdiction.  Richards has not filed an opposition.[1]  For
the following reasons, Wallace's motion will be granted.

I.   Background

Richards, an African American, is an Accounting Technician
in the SSA's Office of Financial Policy and Operations ("OFPO")
in Baltimore, Maryland. Def.'s Mot. to Dismiss, Ex. 2.  Wallace,
a Caucasian, is the Supervisory Fiscal Management Analyst at the

---

[1] On October 2, 2009, the Clerk notified Richards that a motion
to dismiss was pending, and failure to respond could result in
the dismissal of her case.  Paper No. 18.

OFPO.   Elaine Wallace Decl. ¶¶ 2-4, Sept. 24, 2009.   From June 2008 to July 17, 2009, Wallace was Richards's supervisor.   *Id*. ¶ 4.

On May 13, 2009, Richards complained to Wallace that the SSA's hiring practices displayed a preference for white candidates.   *Id*. ¶ 9.   Wallace referred her to John Selby, the Director of the Division of Administrative Payments and Wallace's immediate supervisor. *Id*.   Later that day, Wallace discovered that Richards had violated SSA policy by leaving work earlier than she had noted on her sign-out sheet.   *Id*.   Wallace met with Richards to discuss the SSA's time and attendance rules. *Id*. at ¶ 13.   During the meeting, Richards became upset and accused Wallace of retaliation for her comments about the SSA's hiring practices.   *Id*.

During the next several weeks, Wallace noticed a decline in Richards's productivity.   *Id*. ¶ 15.   On June 19, 2009, Wallace discovered that Richards had again falsified her sign-out sheet. *Id*. ¶ 16.   Wallace went immediately to Shelby's office to tell him about Richards's violation and found Richards there.   *Id*. ¶ 17.   Richards told Shelby that she wanted to work for an African American supervisor. *Id*.   Richards, Wallace, and Selby then met with Selby's supervisor, Gary Hatcher.   *Id*.   Hatcher offered to reassign Richards, but Richards declined.   *Id*. ¶¶ 18-19.

The problems with Richards's productivity continued, and on several occasions, she became hostile when Wallace gave her assignments. Def.'s Mot. to Dismiss, Ex. 2. Wallace was advised by the Office of Labor Management and Employee Relations to continue to give Richards work assignments each day. Wallace Decl. ¶ 20. On July 17, 2009, Wallace approached Richards's cubicle with an assignment. Wallace Decl. ¶ 24. She did not enter the cubicle, but stood in its entrance as she explained the assignment to Richards. *Id*. Wallace did not block the entire entrance. *Id*. Richards stood up and told Wallace that she needed to go the nurse's station. *Id*. She then stepped toward Wallace and said, "don't block me." *Id*. Wallace responded that she was not blocking Richards, and told her that she could go to the nurse's station. *Id*. Richards stepped back and informed Wallace that she was calling security. *Id*. Wallace returned to her desk and was approached by security guards who told her that Richards had accused her of assault and making threats. *Id*. ¶ 25. The guards did not pursue the matter. *Id*. ¶ 25. Richards was assigned to a different unit later that day. *Id*. ¶ 26.

On August 12, 2009, Selby informed Richards that he had proposed suspending her without pay for seven days for using insulting language toward Wallace and for conduct unbecoming a federal employee. Def.'s Mot. to Dismiss, Ex. 2. Later that

day, Richards filed a Petition for Peace Order against Wallace in the District Court of Maryland for Baltimore County.  Def.'s Mot. to Dismiss, Ex. 3.  Richards alleged that during the July 17, 2009 encounter with Wallace in her cubicle, Wallace had blocked her in the cubicle and had "c[o]me at [her] in a threatening way."  *Id*.  In a questionnaire attached to the Petition, Richards answered "yes" to a question asking if Wallace had stalked her, *i.e.*, "had engaged in a course of conduct in which [Wallace] . . . pursued her with intent to place [her] in reasonable fear of serious bodily injury or death."  *Id*.  The District Court issued a Temporary Peace Order the same day.  *Id*., Ex. 4.  The court ordered Wallace to, among other things, refrain from contact with Richards.  *Id*.  A final peace order hearing was scheduled for August 21, 2009.  *Id*.

On August 19, 2009, Wallace removed to this Court under 28 U.S.C. § 1442.  Paper No. 1.  On October 2, 2009, Wallace moved to dismiss for lack of subject matter jurisdiction, arguing that Richards's suit was barred by sovereign immunity.  Paper No. 17. Despite a letter from the Clerk's Office informing her that Wallace has filed a dispositive motion, Richards has not responded.  Paper No. 18.

II.  Analysis

    A.  Removal Under 28 U.S.C. § 1442

Under 28 U.S.C. § 1442(a), a civil action brought in state court against "the United States or any agency thereof or any officer (or any person acting under that officer) of the United States . . . in an official or individual capacity" may be removed to federal court.  28 U.S.C. § 1442(a)(1) (2006).  The removing party must (1) raise a colorable federal defense to the claims asserted against her; (2) show that she was acting under the direction of a federal officer; and (3) demonstrate a causal nexus between the plaintiff's claims and acts that she performed under color of federal authority.  *Pack v. AC&S, Inc.*, 838 F. Supp. 1099, 1101 (D. Md. 1993)(*citing Mesa v. California*, 489 U.S. 121, 124-25 (1989)).

Richards's suit arises out of actions taken by Wallace in the course of her official duties at the SSA.  When the alleged incident occurred, Wallace was attempting to give Richards an assignment at the direction of the Office of Labor Management and Employee Relations.  Given that the suit appears to arise from her official duties, Wallace has a "colorable federal defense."  Richards has not challenged these allegations or the propriety of removal.  Thus, removal under § 1442(a)(1) was proper.

B.    Motion to Dismiss for Lack of Subject Matter
      Jurisdiction

The Court's jurisdiction in a case removed under § 1442
derives from the state court where the case was commenced.
*Palmer v. City Nat'l Bank*, 498 F.3d 236, 244 (4th Cir. 2007).
"If the state court lacks jurisdiction of the subject-matter or
of the parties, the federal court acquires none[.]" *Id.* (*quoting
Lambert Run Coal Co. v. Baltimore & Ohio R.R.*, 258 U.S. 377, 382
(1922)).   Wallace argues that the state court did not have
jurisdiction because Richards's action is barred by sovereign
immunity.

"An action seeking specific relief against a federal
official, acting within the scope of [her] delegated authority,
is an action against the United States subject to [sovereign]
immunity." *Boron Oil v. Downie*, 873 F.2d 67, 69 (4th Cir.
1989)(*citing Larson v. Domestic and Foreign Commerce Corp.*, 337
U.S. 682, 688 (1949)).   "It is not necessary that the United
States be denominated as a party.   An action against a federal .
. . official will be treated as an action against the sovereign
if the 'the judgment sought would . . . interfere with the public
administration[.]" *Id.*   If the officer is sued for acts within
the scope of her official duties, and the acts are not alleged to
be unconstitutional, the plaintiff may not obtain injunctive
relief against the official, even if the underlying conduct is

6

tortious.  *Larson*, 337 U.S. at 695; Erwin Chemerinsky, *Federal Jurisdiction* § 9.2.3 (5th ed. 2007).

Sovereign immunity is a jurisdictional bar to suit.  *See Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001).  When a federal employee raises sovereign immunity, it is the plaintiff's burden to show that the action should not be treated as against the United States or that a waiver of sovereign immunity applies.  *See Kone v. Ashcroft*, No. PJM-04-1996, 2004 U.S. Dist. LEXIS 28462, at *4 (D. Md. Nov. 16, 2004); Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3655 (3d ed. 2004).  If the plaintiff cannot make this showing, the action must be dismissed. *Kone*, 2004 U.S. Dist. LEXIS 28462, at *4.

Richards seeks injunctive relief--a peace order--against Wallace for action she took as Richards's supervisor.  This relief would interfere with the operations of the SSA because it would prohibit Wallace's contact with a subordinate.  Thus, Richards's suit is effectively a suit against the United States, and it is barred by sovereign immunity.  Richards has not offered evidence that the District Court of Maryland for Baltimore County would have had jurisdiction over her suit.  Because that court lacked jurisdiction, this Court has none.

III. Conclusion

For the reasons stated above, Wallace's motion to dismiss for lack of subject matter jurisdiction will be granted.


<u>December 10, 2009</u>                          _____/s/_____
Date                                       William D. Quarles, Jr.
                                           United States District Judge